[Cite as *State v. Krouskouph*, 2012-Ohio-1488.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| HARRY KROUSKOUPF, III | : | Case No. CT11-0047 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                             Pleas, Case. No. CR2011-0123


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            March 26, 2012


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

RON WELCH                             ROBERT D. ESSEX
27 North Fifth Street                 604 East Rich Street
Zanesville, OH  43701                 Columbus, OH  43215

*Farmer, J.*

{¶1}    On May 18, 2011, the Muskingum County Grand jury indicted appellant, Harry Krouskoupf, III, on one count of aggravated robbery in violation of R.C. 2911.01 and one count of theft in violation of R.C. 2913.02.  On July 27, 2011, appellant pled guilty to an amended count of robbery in violation of R.C. 2911.02, a felony of the second degree.  By sentencing entry filed September 1, 2011, the trial court sentenced appellant to six years in prison.

{¶2}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶3}    "PURSUANT TO OHIO REVISED CODE 2953.08, THE TRIAL COURT'S SENTENCE WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW, WAS AN ABUSE OF DISCRETION, AND VIOLATED THE PROPORTIONALITY REQUIREMENT OF OHIO SENTENCING LAWS."

I

{¶4}    Appellant claims the trial court erred in sentencing him to six years in prison when the state recommended four years.  We disagree.

{¶5}    In *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, ¶4, the Supreme Court of Ohio set forth the following two-step approach in reviewing a sentence:

{¶6}    "In applying *Foster* [*State v.,* 109 Ohio St.3d 1, 2006-Ohio-856] to the existing statutes, appellate courts must apply a two-step approach.  First, they must

examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard."

{¶7} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217.

{¶8} Appellant pled guilty to one count of robbery in the second degree and the trial court sentenced appellant to six years in prison. Felonies of the second degree are punishable by "two, three, four, five, six, seven, or eight years." R.C. 2929.14(A)(2). The trial court sentenced appellant within the permissible range. In its sentencing entry filed September 1, 2011, the trial court noted the following:

{¶9} "The Court has considered the record, all statements, any victim impact statement, the pre-sentence report prepared, the plea recommendation in this matter, as well as the principles and purposes of sentencing under Ohio Revised Code §2929.11 and its balance of seriousness and recidivism factors under Ohio Revised Code §2929.12."

{¶10} During the July 27, 2011 plea hearing, the trial court explained to appellant the possible penalty (two through eight years) and specifically cautioned appellant that the state's recommendation was not binding on the trial court:

{¶11} "THE COURT: Do you understand, Mr. Krouskoupf, that the State's recommendation is not binding on this Court and, at sentencing, I do not have to follow it?

{¶12}  "THE DEFENDANT: Yes, sir."  T. at 8.

{¶13}  There is no evidence to indicate the sentence was disproportional or that the trial court acted unreasonably or failed to consider the factors set forth in R.C. 2929.11 and 2929.12.

{¶14}  Upon review, we find the sentence was neither contrary to law nor an abuse of discretion.

{¶15}  The sole assignment of error is denied.

{¶16}  The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.


s/ Sheila G. Farmer_____


s/ William B. Hoffman_____


s/ John W. Wise_____

JUDGES


SGF/sg 314

[Cite as *State v. Krouskouph*, 2012-Ohio-1488.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| HARRY KROUSKOUPF, III | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. CT11-0047 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

s/ William B. Hoffman_____

s/ John W. Wise_____

JUDGES

[Cite as *State v. Krouskouph*, 2012-Ohio-1488.]